UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                          Case No. 25-CR-

BREW CITY ENVIRONMENTAL &
RESTORATION SERVICES, LLC,

Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Richard G. Frohling, Acting

United States Attorney for the Eastern District of Wisconsin, and Julie Stewart, Assistant United

States Attorney, and the defendant, Brew City Environmental & Restoration Services, LLC,

through its representative, and by its attorney Brian Fahl, pursuant to Rule 11 of the Federal

Rules of Criminal Procedure, enter into the following plea agreement:

## CHARGES

2.      The defendant has been charged in a one-count information, which alleges a

violation of Title 42, United States Code, Section 7413(c)(2)(A), 40 C.F.R. § 61.145(b), and 40

C.F.R. § 61.150(d).

3.      The defendant's representative has read and fully understands the charge

contained in the information. It fully understands the nature and elements of the crime with

which it has been charged, and the charge and the terms and conditions of the plea agreement

have been fully explained to the Company's representative by its attorney.

4. The defendant voluntarily agrees to waive prosecution by indictment in open court.

5. The defendant voluntarily agrees to plead guilty to the following count set forth in Exhibit A.

6. The defendant acknowledges, understands, and agrees that it is, in fact, guilty of the offense described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish its guilt beyond a reasonable doubt:

> The Clean Air Act (CAA), 42 U.S.C. §§ 7401-7671(q), is the federal law enacted by Congress to protect and enhance the quality of the nation's air resources so as to promote the public health and welfare. Congress established in the CAA a list of hazardous air pollutants, including asbestos. The CAA authorizes the United States Environmental Protection Agency (U.S. EPA) to establish standards to prevent or limit the emission of hazardous air pollutants into the atmosphere. U.S. EPA has enacted regulations under the CAA to control the removal, handling, and disposal of asbestos. These federal asbestos regulations are commonly known as the National Emission Standards for Asbestos (hereinafter referred to as "the federal asbestos regulations")

> The federal asbestos regulations apply in a facility being renovated if the combined amount of regulated asbestos-containing material ("RACM") to be stripped, removed, dislodged, cut, drilled or similarly disturbed is at least 260 linear feet on pipes, at least 160 square feet on other facility components, or at least 35 cubic feet once removed from any facility components. The term "regulated asbestos-containing material" includes "friable asbestos material," which is any material containing more than one percent (1%) asbestos (as determined using a specific analytical method) that, when dry, can be crumbled, pulverized or reduced to powder by hand-pressure.

> The federal regulations requirement that when workers remove RACM from a facility, they secure it in a leakproof bag and label it with appropriate warnings. 40 C.F.R. § 61.150(a)(1)(iii)-(iv). After securing and labeling the RACM, workers must dispose of it at an approved landfill that holds a permit allowing it to receive hazardous waste asbestos as soon as practical. 40 C.F.R. § 61.150(b).

> Federal law allows U.S. EPA to delegate the authority to implement and enforce the federal asbestos regulations to State governments 42 U.S.C. § 7412(1); 40 C.F.R. § 63.91. The State of Wisconsin has been delegated the authority to administer the asbestos regulatory program in the State, including the authority to receive notices of planned

2

renovations or demolitions. Therefore, required notices of demolition or renovation activities within the State of Wisconsin must be sent to the Wisconsin Department of Natural Resources ("WDNR"). As part of its delegated authority, WDNR has required operators engaging in asbestos abatement to submit certain documents to WDNR. Wis. Admin. Code NR § 447.07. The required documents include notices of intent to renovate or demolish in which the person making the notification states whether the renovation and demolition will disturb asbestos and include abatement work. See 40 C.F.R. § 61.145(b); Wis. Admin. Code NR § 447.07(3). The notifications must correctly state where the asbestos abatement operator will dispose of the asbestos waste. 40 C.F.R. § 61.145(b)(4)(xii); Wis. Admin. Code NR § 447.07(4)(L). The regulations also require an asbestos abatement operator to maintain waste manifests that track the movement of the hazardous asbestos waste from the facility to the proper landfill site. 40 C.F.R. § 61.150(d); Wis. Admin. Code NR § 447.13(4)(a).

From on or about October 26, 2017, the defendant was licensed by the state of Wisconsin to conduct asbestos abatement. The defendant bid on, and won, contracts with the municipality of Milwaukee to demolish residential homes. Those contracts included requirements for asbestos abatement, removal, and disposal.

From on or about February 2020 through February 2021, the defendant conducted demolition and asbestos abatement activities on the municipal contracts and submitted manifests to WDNR. On at least fourteen occasions, the defendant knowingly made a false, material statement on those manifests in that it listed the RACM as being disposed of at one particular landfill when, in reality, the defendant knew that the RACM was disposed of at a *different* landfill. The defendant subsequently knowingly failed to update the information as required to allow WDNR to effectively track the movement of the RACM.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

7.  The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum penalties for a corporation: a fine of $250,000. The count also carries a mandatory special assessment of $100. The parties further recognize that a restitution order may be entered by the court.

8.  The defendant acknowledges, understands, and agrees that representatives of the Company have discussed the relevant statutes as well as the applicable sentencing guidelines with the Company's attorney.

3

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of False Statements Related to Hazardous Materials as set forth in the information, the government must prove each of the following propositions beyond a reasonable doubt:

First, The defendant made a false, material statement, representation, or certification OR omitted material information from, OR knowingly altered, concealed, or failed to file or maintain any notice, application, record, report, plan or other document required pursuant to this chapter to be either filed or maintained; and

Second, The defendant acted knowingly.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 5. The defendant acknowledges and agrees that the Company's attorney in turn has discussed the applicable sentencing guidelines provisions with representatives of the Company to their satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea,

4

the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Sentencing Recommendations

16. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

17. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

5

18.     The parties agree to recommend a fine of $5,000 with the understanding that the defendant will remediate and clean up the debris at the property located at xxxx East Addison Lane, Oak Creek, WI (the "Oak Creek property"), prior to sentencing. Brew City will complete the remediation in accordance with the written proposal dated May 21, 2025, and attached hereto as Exhibit B. The defendant understands that if the Oak Creek property is not remediated and cleaned, in a manner consistent with the written plan and all local, state, and federal regulations and certified by the contracted third party, within six months of this agreement and prior to sentencing, the government will recommend a fine of $100,000.

**Court's Determinations at Sentencing**

19.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

20.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

**FINANCIAL MATTERS**

21.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the

6

government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

## Fine

22. The defendant agrees to pay a total penalty in the amount of $5,000. The defendant also agrees to pay for the costs of remediation as described in paragraph 18.

## Special Assessment

23. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## DEFENDANT'S WAIVER OF RIGHTS

24. In entering this agreement, the defendant acknowledges and understands that it surrenders any claims it may have raised in any pretrial motion as well as certain rights which include the following:

    a. If the defendant persisted in a plea of not guilty to the charges against it, it would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and its attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

    c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

7

d.      At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and it would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on its own behalf. The defendant would be entitled to compulsory process to call witnesses.

25.      The defendant acknowledges and understands that by pleading guilty it is waiving all the rights set forth above. The defendant further acknowledges the fact that its attorney has explained these rights to it and the consequences of its waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question representatives of the Company under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty.

26.      The defendant acknowledges and understands that it will be adjudicated guilty of the offense to which it will plead guilty.

27.      The defendant knowingly and voluntarily waives all claims it may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

28.      Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives its right to appeal its conviction or sentence in this case and further waives its right to challenge its conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order.  The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim

8

that (1) the statute or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statute or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

### Further Civil or Administrative Action

29. The defendant acknowledges, understands, and agrees that the defendant has discussed with its attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### MISCELLANEOUS MATTERS

30. Prior to sentencing, the defendant agrees to remediate and clean up the debris pile located at XXXX E. Addison Lane, Oak Creek Wisconsin in accordance with paragraph 18.

31. The defendant also agrees to dissolve and not to reincorporate or operate as an asbestos removal or demolition company.

### GENERAL MATTERS

32. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

9

33. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

34. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

35. In connection with the defendant's plea of guilty, the defendant, in consultation with counsel, has chosen not to request discovery materials pursuant to Fed. R. Crim. P. 16 ("Rule 16 Material"). The defendant understands that if not for entering this plea of guilty, the Government would be required to produce Rule 16 Material, and would further be required to produce material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and Fed R. Crim. P. 5(f), and, if the defendant proceeded to trial, impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), and Jencks Act material. The defendant acknowledges that the defendant has not and will not receive such information because the defendant has decided to plead guilty, waives the right to this information, and agrees not to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any such information, apart from any information establishing the factual innocence of the defendant.

36. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

**Further Action by Internal Revenue Service**

10

37. Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charges alleged in the information.

38. The defendant agrees to transmit its original records, or copies thereof, to the Examination Division of the Internal Revenue Service so that the Examination Division of the Internal Revenue Service can complete its civil audit of the defendant. The defendant agrees to provide any additional books and records of it which may be helpful to the Examination Division of the Internal Revenue Service to complete its civil audit of defendant.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

39. The defendant acknowledges and understands if it violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of its breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

40. The defendant acknowledges, understands, and agrees that it will plead guilty freely and voluntarily because it is in fact guilty. The defendant further acknowledges and agrees

11

that no threats, promises, representations, or other inducements have been made, nor agreements

reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

Case 2:25-cr-00121-PP    Filed 06/20/25    Page 12 of 13    Document 2

# ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

For Brew City Environmental & Restoration Services:

Date: 06/16/2025

ASHLEY GEORGE
Representative of Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 6/18/25

BRIAN FAHL
Attorney for Defendant

For the United States of America:

Date: 6/20/2025

RICHARD G. FROHLING
Acting United States Attorney

Date: 6/20/2025

JULIE STEWART
Assistant United States Attorney

13